IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARNALDO SEIJAS AQUINO,** : | |
| : | |
| *Petitioner,* : | |
| : | |
| v.  : | CIVIL NO. 26-0386 |
| : | |
| **JAMAL L. JAMISON,** *et al.***,** : | |
| : | |
| *Respondents.* : | |

**Scott, J.** January 29, 2026

## MEMORANDUM

Petitioner Arnaldo Jose Seijas Aquino filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release, or alternatively, a bond hearing. ECF No. 1 [hereinafter Pet.]. Mr. Seijas Aquino alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates the Immigration and Nationality Act ("INA"), the Administrative Procedure Act, and his Due Process rights. Pet. ¶¶ 33-59.

Mr. Seijas Aquino is a noncitizen from Venezuela. Pet. ¶¶ 3, 19. He entered the United States with his family on June 20, 2023. *Id*. ¶ 21. They were detained and subsequently released, later settling in Philadelphia. *Id*. ¶ 24. He has applied for asylum and Temporary Protected Status. *Id*. ¶ 25. On January 21, 2026, Mr. Seijas Aquino was arrested by ICE officials outside his home. *Id*. ¶ 29. He has no criminal charges or convictions. *Id*. ¶ 30. His last known location is the Federal Detention Center in Philadelphia. *Id*. ¶ 3.

Mr. Seijas Aquino is detained pursuant to 8 U.S.C. § 1225(b)(2), which states that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be

detained for a proceeding under section 1229a of this title." The central issue of this case is summarized in the Government's brief: "The petition concerns whether an alien who is present in the United States without admission is properly subject to mandatory detention (*i.e.*, detention without the prospect of release on bond) during the pendency of his administrative removal proceedings pursuant to 8 U.S.C. § 1225(b)(2)." ECF No. 3 at 1 [hereinafter Government's Resp.].

For the reasons given in *Kashranov v. Jamison* and *Demirel v. Fed. Det. Ctr. Philadelphia*, this Court holds that Mr. Seijas Aquino's detention violates the INA.[1]  2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *see also Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *see also Cantu-Cortes v. O'Neill*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *see also Centeno Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025).

This Court therefore grants Mr. Seijas Aquino's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2) violates the INA. Moreover, ICE is enjoined from detaining Mr. Seijas Aquino under 8 U.S.C. § 1226(a) for seven days following his release. Mr. Seijas Aquino also requests attorneys' fees and costs. The Government has not briefed this issue in its response. The Court will set out a separate briefing schedule on this issue.

---

[1] In addition, the Government argues that this Court lacks jurisdiction to address Mr. Seijas Aquino's claims. Government's Resp. at 6-10. The Court again adopts the reasoning in *Kashranov* and *Demirel* to reject the Government's jurisdiction argument.