**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARNALDO SEIJAS AQUINO,** | : | |
| *Petitioner,* | : | |
| | : | |
| v. | : | **CIVIL NO. 26-386** |
| | : | |
| **J.L. JAMISON et al.,** | : | |
| *Respondents.* | : | |
| | : | |

<u>**MEMORANDUM**</u>

**Scott, J.**                                                                    **August 5, 2026**

Pending before the Court is Petitioner Arnaldo Seijas Aquino's ("Petitioner") request

for attorneys' fees ("Request") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

§ 2412(d). The Parties stipulated to a briefing schedule regarding the Request, which the Court

granted. ECF No. 11. For the reasons discussed herein, the Court grants Petitioner's Request.

**I.      BACKGROUND**

Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241,

seeking immediate release, or alternatively, a bond hearing. ECF No. 1. Petitioner is a noncitizen

from Venezuela. *Id.* ¶¶ 3, 19. He entered the United States with his family on June 20, 2023. *Id.*

¶ 21. They were detained and subsequently released, later settling in Philadelphia. *Id.* ¶ 24.

Petitioner previously applied for asylum and Temporary Protected Status. *Id.* ¶ 25. On January

21, 2026, Petitioner was arrested by ICE officials outside his home. *Id.* ¶ 29. Petitioner was

detained at the Federal Detention Center in Philadelphia. *Id.* ¶ 3. Petitioner was detained pursuant

to 8 U.S.C. § 1225(b)(2), and the Court granted his Petition for a Writ of Habeas Corpus, granting

his immediate release because his detention violated the Immigration and Nationality Act ("INA").

ECF Nos. 6, 8.

## II.    LEGAL STANDARD

The EAJA states, in relevant part:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The Third Circuit has held that a petition for a writ of habeas corpus is a civil action for purposes of the EAJA. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, Nos. 24-2990 and 24-3198, 2026 U.S. App. LEXIS 3264 (3d. Cir. 2026).  For a civil action to be eligible for a fee award, (1) the claimant must be a prevailing party, (2) the Government's position must not have been substantially justified, (3) there must be no special circumstances that make awarding fees unjust, and (4) the fee application must be submitted to the court within 30 days of final judgment along with an itemized statement. *Comm'r v. Jean*, 496 U.S. 154, 158 (1990).  The EAJA expressly limits recoverable fees and expenses only to those which are reasonable, 28 U.S.C. § 2412(d)(2)(A), and trial courts maintain broad discretion in determining whether to award fees. *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 325-26 (3d Cir. 2010).  Moreover, "the clearly stated objective of the EAJA is to eliminate financial disincentives for those who would defend against unjustified governmental action and thereby to deter the unreasonable exercise of Government authority" by making it possible for claimants to recoup litigation costs. *Ardestani v. INS*, 502 U.S. 129, 138 (1997).

The Third Circuit has instructed that, "in immigration cases, the Government must meet the substantially justified test twice: once for its underlying conduct and once for its decisions in the ensuing litigation about that conduct. We do not assume the position of the Government was

2

not substantially justified simply because it lost." *Michelin*, 2026 U.S. App. LEXIS 3264, at *29 (cleaned up). The Government therefore bears the burden of proving its position was justified at both levels. *Id.*, at *28 (citing *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993)). To do so, and thus to defeat a claimant's petition for a fee award under the EAJA, the Government must demonstrate "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id.* at 29 (citing *Cruz*, 630 F.3d at 324).

## III.    DISCUSSION

Respondents' chief arguments in opposing the Request are that both their underlying conduct and litigation position were substantially justified. ECF No. 12 at 4-8. Respondents make no arguments regarding Petitioner's eligibility to pursue attorney fees under the EAJA, whether immigration habeas proceedings challenging civil detention are eligible civil actions under the EAJA, whether special circumstances exist to make an award unjust, or the reasonableness of Petitioner's attorneys' fees. Thus, the Court only assesses whether Respondents' positions were substantially justified. For the reasons discussed below, the Court finds that Respondents' litigation position was not substantially justified and Petitioner is entitled to an award of attorneys' fees accordingly.

### A. The Court agrees with Respondents that their pre-litigation position was substantially justified.

First, Respondents contend that their "underlying conduct was substantially justified because a binding decision of the [Board of Immigration Appeals ("BIA")] foreclosed a bond hearing." *Id.* at 4. They point to *Matter of Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025) for the proposition that "an immigration judge has no jurisdiction to conduct a bond hearing for an alien present in the United States but never admitted, because 8 U.S.C. § 1225 requires mandatory

detention for the duration of removal proceedings." *Id. Hurtado*, as the argument goes, is binding on all immigration judges and "leaves the agency no choice but to deny a bond hearing (if one is sought) under the circumstances alleged by this petitioner." *Id.* Thus, Respondents ask this Court to find that their position was substantially justified "because the agency 'did no more than follow binding administrative decisions.'" *Id.* (citing *Gjergj G. v. Edwards*, No. 19-5059, 2019 U.S. Dist. LEXIS 120345, at *4 (D.N.J. Jul. 17, 2019)).

Petitioner argues, however, that Respondents' underlying conduct—detaining Petitioner in violation of his due process rights, the INA, and BIA precedent—was not substantially justified because an immigration judge determined before Petitioner's detention that he was not a danger to the community or flight risk. ECF No. 13 at 7. Petitioner contends that, given the prior ruling, it was improper for Respondents to detain Petitioner absent "evidence that Mr. Seijas Aquino's circumstance had changed since his prior release on bond" as required by BIA precedent. *Id.* at 8 (citing *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (B.I.A. 1991); *Saravia v. Sessions*, 280 F.3d 1168, 1197 (N.D. Cal. 2017)). Petitioner further argues that Respondents were not substantially justified because "ICE officials violated Mr. Seijas Aquino's due process rights under the Fifth Amendment by taking him into custody without making an individualized determination of whether he was a danger to the community or flight risk." *Id.* (citing ECF No. 1 at ¶¶ 33-38).

Respondents assert, however, that there was a change in circumstances when "[t]he Petitioner was operating without a license in an unregistered vehicle with plates from another vehicle resulting in law enforcement interaction in violation of the terms of his previous release." ECF No. 14 at 2; Ex. A. The Court agrees with Respondents that, based on the record before the Court, their pre-litigation conduct was substantially justified considering the change in circumstances leading to Petitioner's re-detention. Respondents have demonstrated a reasonable

4

basis in fact and law for detaining Petitioner.

**B. The Court agrees with Petitioner that Respondents' litigation position was <u>not</u> substantially justified.**

The underlying litigation turned on the proper interpretation of § 1225(b)(2)(A), which reads:

> In the cases of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A).

Respondents argue that their litigation position was substantially justified because their interpretation of the statute—that "Petitioner, like petitioners in similar cases, is indisputably an 'applicant for admission'" and "'applicants for admission' are necessarily 'seeking admission' until they have been admitted or until their removal proceedings are complete"—has been adopted by multiple federal courts. ECF No. 12 at 5-7. But, as Respondents note, "the vast majority of district courts around the country have disagreed," including this Court. *Id.* at 5-6. Petitioner also asserts that "Respondents' position that Mr. Seijas Aquino was subject to mandatory detention cuts against the interpretation of the INA adopted by the vast majority of district courts. Although Respondents point to a handful of district courts agreeing with their position . . . [t]he Court should not find Respondents' radical interpretation of the INA [to be] substantially justified as it contradicts both Supreme Court precedent and decades of Respondents' own understanding of the [statute]." ECF No. 13 at 11 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (discussing § 1226(a)). Petitioner also points to agency regulations implementing § 1226(a) for the proposition that Respondents' interpretation of the statute is incorrect. *Id.* at 11-12. Respondents do not address these arguments in their Reply. *See* ECF No. 14.

To be clear, Respondents losing this argument on the merits—as it did here in the

underlying litigation—does not inherently mean its position was not substantially justified under the EAJA. *See Michelin*, 2026 U.S. App. LEXIS 3264, at *29. But Respondents have the burden to demonstrate reasonable bases in fact, in law, and a reasonable connection between the two to succeed. Respondents fail here because they do not point to a reasonable basis in any law that governs this Court to support their interpretation of the statute. Indeed, this Court remains convinced that the proper interpretation of the statute is the one that "reads § 1225(b)(2) narrowly and in accordance with the principles of statutory interpretation" such that "[t]he unambiguous plain meaning of an 'applicant for admission' who is 'seeking admission' is a noncitizen at a port of entry seeking to cross into the United States, not one who has already resided in the United States." *Abdoulaye Diallo v. Bondi*, 25-7421, 2026 U.S. Dist. LEXIS 1114, at *4 (E.D. Pa. Jan. 6, 2026). And, while it is true, as Respondents note, that district court judges may disagree with prior district court decisions of other judges absent binding Third Circuit or Supreme Court precedent, this Court nonetheless agrees with its colleagues who have so ruled. *See, e.g., Jarama v. Jamison*, 26-4626, 2026 U.S. Dist. LEXIS 153779, at *6-7 (E.D. Pa. July 13, 2026) ("The Court agrees with this interpretation of the statute for several reasons. . . . First, the plain text supports this reading . . . Second, the statutory context of § 1225(a) confirms it governs 'inspections and detentions' of noncitizens at the border.") (citing *Kashranov v. Jamison*, 25-5555, 2025 U.S. Dist. LEXIS 224644, at *6 (E.D. Pa. Nov. 14, 2025)).

This Court was unpersuaded by Respondents' arguments on this point before and remains unpersuaded today. Respondents therefore fail to demonstrate that their litigation position was substantially justified.

6

## IV.   CONCLUSION

The Court grants Petitioner's Request for attorneys' fees, awarding **$4,969.00**. An appropriate Order accompanies this Memorandum.

BY THE COURT:

HON. KAI N. SCOTT
**United States District Court Judge**